UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-60117-CR-LEIBOWITZ

UNITED STATES OF AMERICA

v.

SANJAY SINGH,

     **Defendant.**

                                      /

**GOVERNMENT'S MOTION IN LIMINE REGARDING ADMISSION OF
DOCUMENTS AND ITEMS SEIZED FROM DEFENDANT'S RBL OFFICE DESK**

     The Court-appointed Receivers, per their Order Appointing and other authority, took possession of all items and documents from the desk of Royal Bengal Logistics' ("RBL") former president and founder, Defendant Sanjay Singh.  A copy of the Government exhibit is attached here (EX 104) as Exhibit 1, hereto.  The Government seeks admission of these items into evidence for a verity of purposes to show, among other things, Defendant's criminal intent and knowledge. For example, the exhibit has handwritten notes labeling investor money as "liability" as opposed to "income."  And in other parts of the handwritten notes, he has diagrams of the corporate structure and intertwined nature of some of the RBL companies used in the fraud scheme, including RBL Holdings, which has already been introduced to this jury trial through witness Daniel Castello.  On page ten there is another example of the incriminating nature of Singh's desk items. There, a letter form TD Ameritrade, addressed to Sanjay Singh, states, among other things, that this stock trading platform was closing Singh's RBL trading account.  To remind the Court, Singh trading stock with RBL victim money, without their knowledge, is mentioned in the Indictment and was discussed in defense's opening statement.

1

The Defendant's handwritten notes and other items found in this Royal Bengal Desk are admissible as non-hearsay admissions made by a party opponent under Fed. R. Evid. 801(d)(2)(A). *See United States v. Sawyer*, 799 F.2d 1494, 1506 (11th Cir. 1986) ("Leavitt [Defendant] prepared and maintained handwritten notes documenting his conversations with SMC investors. The notes concerning two of those investors-Richard Lassig and Lola Dugger-were admitted into evidence, under Fed. R. Evid. 801(d)(2)(A) as an admission against a party opponent" and further noting that notes that investors were a "pain in the ass" and that he had her "eating out of [his] hand," "are probative of his motive, intent and knowledge concerning the fraudulent conduct with which he was charged."). The notes are also alternatively admissible as non-hearsay to prove Defendants' state of mind. *See, e.g., Brown v U.S.*, 403 F.2d 489, 491 (5th Cir. 1968), *cert denied* 397 U.S. 927 (handwritten notes offered by prosecution to show knowledge of accused of person that may or may have been an associate of a drug supplier was not hearsay and was admissible).

The former Fifth Circuit's decision in *United States v. Evans*, 572 F.2d 455 (5th Cir. 1978) highlights the straightforward application of these non-hearsay doctrines to similar facts:

> [former co-worker] identified the daytimers as having been maintained by [Defendant] Gent in Gent's handwriting; he also testified that such documents were used as a matter of company policy. Even aside from this testimony, there is a compelling reason why the daytimers were admissible. The entries were, in fact, statements made by Gent himself and offered against him. Thus, they were not hearsay at all under Rule 801(d)(2)(A), Federal Rules of Evidence. Any and all statements of an accused person, so far as are not excluded by the doctrine of confessions or by the privilege against self-incrimination, are usable against the accused as admissions and are not hearsay. In addition, we note that the statements in the daytimers tended to promote and further the conspiracy of which both Gent and Tate were proved to be members. Consequently, the statements were admissible against Tate as well under Rule 801(d)(2)(E), Federal Rules of Evidence.

*See id.* at 488 (emphasis added). The same result follows here under this blackletter law. The documents the government seeks to introduce were either handwritten or other statements prepared

by "an accused person" under Rule 801(d)(2)(A) or statements that "promote and further the conspiracy" under Rule 801(d)(2)(E). "[I]n order for evidence to be admissible under Rule 801(d)(2)(E), the government must prove by a preponderance of the evidence only that: (1) that a conspiracy existed; (2) that the conspiracy included the declarant and the defendant against whom the statement is offered; and (3) that the statement was made during the course and in furtherance of the conspiracy." *United States v. Miles*, 290 F.3d 1341, 1351 (11th Cir. 2002) (citations omitted, emphasis added). When determining if these elements have been satisfied, "the district court may rely on information provided by the co-conspirator's proffered statement as well as independent external evidence," and "this circuit applies 'a liberal standard in determining whether a statement is made in furtherance of a conspiracy;'" "the statement need not be necessary to the conspiracy, but must only further the interests of the conspiracy in some way." Id. The government has more than met that burden here.

Authenticity of a document is established "by evidence sufficient to support a finding that the matter in question is what its proponent claims." Fed R. Evid. 901(a). Rule 901 allows evidence to be authenticated by "[a]ppearance, contents, substance, internal patterns, or other distinctive characteristics, taken in conjunction with circumstances." Fed. R. Evid. 901(b)(4). "The government may authenticate a document solely through the use of circumstantial evidence, including the document's own distinctive characteristics and the circumstances surrounding its discovery." *United States v. Smith*, 918 F.2d 1501, 1510 (11th Cir. 1990) (citing Fed. R. Ev. 901(b)(4)) (finding handwritten ledgers were properly authenticated as authored by an individual "intimately involved" in the conspiracy where they were seized from residences used by the defendants and contained references to co-defendants and special codes).

The "burden of authentication does not require the proponent of the evidence to rule out all possibilities inconsistent with authenticity, or to prove beyond any doubt that the evidence is what it purports to be. Rather, the standard for authentication, and hence for admissibility, is one of reasonable likelihood." *United States v. Holmquist*, 36 F.3d 154, 168 (1st Cir. 1994) (citing United States v. McGlory, 968 F.2d 309, 328-29 (3rd Cir. 1992)); see also 5 J. Weinstein & M. Berger, Weinstein's Evidence § 901.02[03] at 901-16 (2006) (explaining that "the proponent of a proffered exhibit needs only to make a prima facie showing that the exhibit is what the proponent claims it to be").

It is clear from the "testimony and context" that the documents were seized from a location where the Defendant worked and where he personally kept his work-related documents and items, including the RBL handwritten material contained in the Defendant's RBL work desk. The Court should allow admission of the items and documents.

Respectfully submitted,

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

Robert F. Moore
Assistant United States Attorney
Court Id No. A5502488
99 N.E. 4th Street
Miami, FL 33132
Telephone: (305) 961-9411
Email: Robert.Moore@usdoj.gov

By: /s/Roger Cruz
Roger Cruz
Assisted United States Attorney
Florida Bar No. 157971
JLK Federal Justice Building
99 Northeast 4th Street
Miami, Florida 33132-2111
Telephone: 305-961-9207
Facsimile: 305-536-4699

Email: roger.cruz@usdoj.gov

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was electronically file with the Clerk of the Court using CM/ECF.

By: /s/ Roger Cruz
Assistant United States Attorney