UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CR-60117-LEIBOWITZ

UNITED STATES OF AMERICA,

       Plaintiff,

vs.

SANJAY SINGH,

       Defendant.
_____/

## MR. SINGH'S PROPOSED THEORY OF DEFENSE INSTRUCTION

The defendant, Sanjay Singh, by and through undersigned counsel, hereby submits the following proposed jury instruction pursuant to Fed. R. Crim. P. 30.

Generally, a criminal defendant has the right to have the jury instructed on his theory of defense, separate and apart from instructions given on the elements of the charged offense. *United States v. Opdahl*, 930 F.2d 1530 (11th Cir. 1991); *United States v. Lively*, 803 F.2d 1124 (11th Cir. 1986). A trial court may not refuse to charge the jury on a specific defense theory where the proposed instruction presents a valid defense and where there has been some evidence adduced at trial relevant to that defense. *United States v. Middleton*, 690 F.2d 820, 826 (11th Cir. 1982). The existence of such a defense is not a matter of law for the trial court to determine. *Id.* The threshold burden is extremely low: "The defendant . . . is entitled to have presented instructions relating to a theory of defense for which there is ***any foundation*** in the evidence." *Perez v. United States*, 297 F.2d 12, 15-16 (5th Cir. 1961) (emphasis added).

In deciding whether a defendant has met his burden, the trial court is required to view the evidence in the light most favorable to the accused. *United States v. Ruiz*, 59 F.3d 1151, 1154 (11th Cir. 1995) (citing *United States v. Williams*, 728 F.2d 1402, 1404 (11th Cir. 1984)).

On September 5, 2024, the parties conferred regarding proposed jury instructions and complied with the Court's order to file a single set of proposed instructions with notations indicating whether each instruction was jointly proposed or proposed only by one party. [ECF No. 135]. In that set of proposed instructions, Mr. Singh requested that the Court make certain additions to the pattern instruction on wire fraud that are drawn from and consistent with the holding of the Eleventh Circuit in *United States v. Takhalov*, 827 F.2d 1307, 1314-17 (11th Cir. 2016). [ECF No. 135 at 15-17]. The government opposed the requested amendments to the pattern wire fraud instruction. [ECF No. 135 at 15-17].

And on November 1, 2024, the government filed a brief concerning a recent Eleventh Circuit decision, *United States v. Bell*, 112 F.4th 1318, 1336-37 (11th Cir. 2024), in which the Court held that the district court did not abuse its discretion in denying the defendants' request to add language from *Takhalov* to the pattern instruction on wire fraud. [ECF No. 226]. The government also notes that the pattern offense instruction on wire fraud has been amended since *Takhalov*, to now state: "Proving intent to deceive alone, without the intent to cause loss or injury, is not sufficient to prove intent to defraud." Eleventh Circuit Criminal Pattern Jury Instruction O51 (2024).

2

While Mr. Singh does not agree with the government's argument regarding the breadth of the holding in *Bell*, he proposes the Court provide the jury with the standard pattern offense instruction for wire fraud—without the defense's previously requested modifications—and, in addition, include the good-faith instruction proposed below as a theory of defense instruction. The following proposed instruction consists of the Eleventh Circuit Criminal Pattern Jury Instruction on good faith (S17), with a modification and some additional language, which is based upon the Eleventh Circuit holding in *Takhalov*:

> "Good faith" is a complete defense to a charge that requires intent to defraud. A defendant isn't required to prove good faith. The Government must prove intent to defraud beyond a reasonable doubt.
>
> An honestly held opinion or an honestly formed belief cannot be fraudulent intent – even if the opinion or belief is mistaken. Similarly, evidence of a mistake in judgment, an error in management, or carelessness can't establish fraudulent intent.
>
> But an honest belief that a business venture would ultimately succeed doesn't constitute good faith if the Defendant intended to defraud others. The "intent to defraud" is the specific intent to deceive or cheat someone, usually for personal financial gain or to cause financial loss to someone else.
>
> If the Defendant deceived someone to enter into a transaction but did not intend to harm the person he deceived, the Defendant has not schemed to defraud. This is so even if the transaction would not have occurred but for the deception. If there is no intent to harm, the scheme was to deceive, which is not wire fraud. Wire fraud requires an intent to defraud, which requires intent to harm.[1]

---

[1] *See Takhalov*, 827 F.2d at 1313 ("From that conclusion, a corollary follows: a schemer who tricks someone to enter into a transaction has not 'schemed to defraud' so long as he does not intend to harm the person he intends to trick. And this is so even if the transaction would not have occurred but for the trick. For if there is no intent to harm, there can only be a scheme *to deceive*, but not one *to defraud*.").

In *Takhalov*, the Court of Appeals for the Eleventh Circuit vacated the defendants' convictions, finding that it was reversible error for the district court to refuse to modify the pattern jury instruction on wire fraud pursuant to 18 U.S.C. § 1343 to adequately ensure that the jury understood the difference between the intent to deceive and the intent to defraud. *See Takhalov*, 827 F.3d at 1310 ("[Section] 1343 forbids only schemes to *defraud*, not schemes to do other wicked things, *e.g.,* schemes to lie, trick, or otherwise deceive. The difference, of course, is that deceiving does not always involve harming another person; defrauding does. That a defendant merely 'induce[d] [the victim] to enter into [a] transaction' that he otherwise would have avoided is therefore 'insufficient' to show wire fraud") (emphasis in original; citation omitted).

As the *Takhalov* court recognized, the wire-fraud statute "makes criminal any 'scheme or artifice to defraud,'" but "the statute itself, however, does not explain what constitutes such a scheme or artifice." *Takhalov*, 827 F.2d at 1312. In seeking to define what constitutes a scheme to defraud, the *Takhalov* Court found it significant that "there is a difference between deceiving and defrauding: to *defraud,* one must intend to use deception to cause some injury; but one can *deceive* without intending to harm at all . . . . Thus, deceiving is a necessary condition of defrauding but not a sufficient one. Put another way, one who defrauds always deceives, but one can deceive without defrauding." *Id*. The *Takhalov* Court then noted that it needed to clarify Eleventh Circuit precedent: "[f]or this reason, the law in the Eleventh Circuit makes clear that a defendant 'schemes to defraud' only if he schemes to 'depriv[e]

4

[someone] of something of value by trick, deceit, chicane, or overreaching' . . . . [b]ut if a defendant does not intend to harm the victim—'to obtain, by deceptive means, something to which [the defendant] is not entitled'—then he has not intended to defraud the victim." *Id.* at 1312-13 (citation omitted).

Lastly and of consequence to Mr. Singh's current request, the *Takhalov* court found that the pattern good-faith instruction did not "substantially cover" the need for the modification to the wire fraud instruction, because "the district court's good-faith instruction concerned only what it meant for the defendants to have a specific intent to deceive. It said nothing about what kind of deception could constitute wire fraud." *Id.* at 1317.

While the pattern offense instruction on wire fraud has been amended since *Takhalov*, the pattern good-faith instruction has not been modified since that decision and does not make the required distinction between intent to deceive and intent to defraud. *See* Eleventh Circuit Criminal Pattern Jury Instruction S17 (2024). In fact, the pattern good faith instruction concludes with a statement solely concerning the intent to deceive—language that the *Takhalov* Court specifically found insufficient to cover the intent to defraud. *Takhalov*, 827 F.3d at 1317.

Accordingly, in order to ensure that the jury instruction on good faith includes the specific guidance from the Eleventh Circuit in *Takhalov*, Mr. Singh respectfully requests that the Court provide the theory of defense instruction detailed above.

## **CONCLUSION**

Mr. Singh submits the above-proposed theory of defense instruction and requests that the Court grant him leave to amend or make further requests if so borne out by the testimony and evidence adduced at trial.

Respectfully Submitted,

HECTOR DOPICO
FEDERAL PUBLIC DEFENDER

By: */s/ Abigail Becker*
Abigail Becker
Assistant Federal Public Defender
Florida Bar No.: 72284
150 W. Flagler Street, Suite 1700
Miami, Florida 33130
Tel: (305) 530-7000
E-mail: abigail_becker@fd.org

By: */s/ Victor Van Dyke*
Victor Van Dyke
Assistant Federal Public Defender
Florida Special A No.: A5503021
150 W. Flagler Street, Suite 1700
Miami, Florida 33130-1556
Tel: (305) 530-7000
E-mail: victor_vandyke @fd.org

## **CERTIFICATE OF SERVICE**

I HEREBY certify that on **November 3, 2024,** I electronically filed this pleading with the Clerk of Court using CM/ECF. Service on all counsel of record is being made via Notices of Electronic Filing generated by CM/ECF.

*s/ Abigail Becker*