UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-60117-CR-LEIBOWITZ

UNITED STATES OF AMERICA

v.

SANJAY SINGH,

  **Defendant.**
           /

## GOVERNMENT'S POSITION AND BRIEF ON SAME ADDRESSING COUNT 8, MONEY LAUNDERING UNDER TITLE 18, UNITED STATES CODE SECTION 1957

  The United States stands by the argument and position it took at the charge conference as to Count 8 of the indictment, namely that the money laundering count in question is unrelated, not tied, and stands on its own without any predicate conviction as to the other Indictment counts. The Court asked for briefing on this issue and the following represents the fulfillment of that request.

  If the Defendant knowingly deposits, or withdraws more than $10,000 at a bank, knowing that the money is derived from criminal activity (*even if he does not know the specific crime which generated the money*), he is guilty of Section 1957 money laundering. *United States v. Johnson*, 440 F.3d 1286, 1289-90 (11th Cir. 2006).

  The attached opinion, *United States v. Martinelli*, 454 F.3d 1300, 1311 (11th Cir. 2006), is instructive on how any wire, not just a wire specific wire mentioned in a substantive wire count, can satisfy this low bar, for Count 8:

> The lack of an instruction on the elements of mail fraud was not error because, as we explain in greater detail below, Martinelli was not charged with mail fraud and the government did not have to prove he committed mail fraud to convict him of conspiring to launder money. *See, e.g., United States v. Magluta*, 418 F.3d 1166, 1174 (11th Cir. 2005). Had the district court given the pattern mail fraud instruction, it would have incorrectly told the jury to decide whether the defendant, Martinelli, "knowingly devised or participated in a scheme to defraud," "acted

willfully with an intent to defraud," and "used [the United States mails] for the purpose of executing the scheme to defraud." Eleventh Circuit Criminal Pattern Jury Instruction 50.1. In fact, the government did not have to prove any of those elements; Martinelli simply had to know the funds were derived from the specified unlawful activity of mail fraud. See 18 U.S.C. § 1956(a)(1). The pattern mail fraud instruction, which details the affirmative actions a defendant must undertake to violate the mail fraud statute, simply does not apply in a money laundering conspiracy case, where the defendant need only have knowledge that the funds were derived from mail fraud.

*Id*. at 1311.

Here is a case where the defendant was acquitted of the specified unlawful activity ("SUA") but <u>convicted</u> of laundering the proceeds of the SUA. The relevant part of *United States v. Awada*, 425 F.3d 522, 525 (2005) reads:

> "[T]here is absolutely no requirement that a money laundering defendant also be involved in the underlying crime. *United States v. Whatley*, 133 F.3d 601, 605–06 (8th Cir.1998); *see also United States v. Cherry*, 330 F.3d 658, 667 (4th Cir.2003) ("It is clear that a defendant may be convicted of money laundering even if she is not a party to, much less convicted of, the specified unlawful activity."); *accord United States v. Magluta*, 418 F.3d 1166, 1174 (11th Cir.2005). That [Defendant] was not a conspirator in [the] gambling ring does not exempt him from liability for laundering the proceeds of that illegal activity.

The *Cherry* case, cited by *Awada* also helps the Government's position, and is attached.

## CONCLUSION

The Government respectfully requests that the Court not alter the jury verdict form and require an act not contemplated by the money laundering statute, the pattern jury instructions, and the case law cited herein. As the undersigned argued at the charge conference, Count 8 stands on its own and does not rely on any specific wire. Moreover, to force the government to prove a predicate charged crime *from a count*, to prove this separately charged crime would require the Government to convict this Defendant for two crimes instead of one. Simply put, the Indictment is not charged that way and this Court should not read that requirement into the elements.

Respectfully submitted,

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

Robert F. Moore
Assistant United States Attorney
Court Id No. A5502488
99 N.E. 4th Street
Miami, FL 33132
Telephone: (305) 961-9411
Email: Robert.Moore@usdoj.gov

By: /s/Roger Cruz
Roger Cruz
Assisted United States Attorney
Florida Bar No. 157971
JLK Federal Justice Building
99 Northeast 4th Street
Miami, Florida 33132-2111
Telephone: 305-961-9207
Facsimile: 305-536-4699
Email: roger.cruz@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with the Court's CM/ECF system.

By: /s/Roger Cruz
Roger Cruz