```
 1                    UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF FLORIDA
 2
                      CASE NO. 23-CR-60117-DSL-1
 3
      UNITED STATES OF AMERICA,
 4                                       Fort Lauderdale, Florida
                    Plaintiff(s),
 5                                       August 18, 2023
              vs.
 6
      SANJAY SINGH,
 7
                    Defendant(s).       Pages 1 - 12
 8    ------------------------------------------------------------

 9                      ARRAIGNMENT HEARING
                 TRANSCRIBED FROM DIGITAL AUDIO RECORDING
10                BEFORE THE HONORABLE PATRICK M. HUNT
                     UNITED STATES MAGISTRATE JUDGE
11
      APPEARANCES:
12
      FOR THE PLAINTIFF(S):  KIRAN BHAT, ESQ.
13                           KELLER POSTMAN, LLC
                             2333 Ponce De Leon Boulevard
14                           Coral Gables, FL 33134
                             305-845-4684
15                           kiran.bhat@kellerpostman.com


16
      FOR THE DEFENDANT(S):  DANIEL R. AARONSON, ESQ.
17                           BENJAMIN, AARONSON, & PATANZO, P.A.
                             1700 E Las Olas Boulevard
18                           Fort Lauderdale, FL 33301
                             954-779-1700
19                           daaronson@benjaminaaronson.com


20
      TRANSCRIBED BY:        Joanne Mancari, RPR, CRR, CSR
21                           Court Reporter
                             jemancari@gmail.com
22

23

24

25
```

1    Thereupon,

2    the following proceedings were held:

3              THE DEPUTY CLERK:  Calling case No. 23 60117,

4    Criminal, Altonaga.  United States of America v. Sanjay Singh.

5              Counsel, please state your appearances --

6              MR. BHAT:  Good morning, your Honor.

7              THE DEPUTY CLERK:  -- beginning with the government.

8              MR. BHAT:  Good morning, your Honor.  Kiran Bhat for

9    the government.

10             THE COURT:  Good morning.

11             MR. AARONSON:  Good morning, your Honor.  Daniel

12   Aaronson.  I'm here on behalf of Mr. Patanzo and Mr. Benjamin.

13             I'm also here to inform the court that we have not

14   been able to come to any resolution of us retaining him.  As of

15   right now -- of him retaining us.  Excuse me.

16             THE COURT:  And is there a possibility of that

17   happening in the future?  Are you asking for more time?  Does

18   he need court-appointed counsel?  If I remember, I don't think

19   he qualified for court appointed.

20             MR. AARONSON:  All I can say is this has been going on

21   for some time now.  We are not any closer.  That's all I can

22   say.

23             THE COURT:  Mr. Singh, we have to take care of the

24   issue of counsel at some point.  Do you think you're going to

25   be able to afford a lawyer or do you think you need

1   court-appointed counsel?

2        THE DEFENDANT:  Your Honor, on my last appearance I

3   was seeking a good amount of time so we can come to -- with a

4   reasonable time we can have enough funds to retain the counsel.

5   However, what is happening within the limited days that we are

6   getting allotted to fix this issue, I'm not able to rush and

7   get things sorted out for the counsel.  So I think --

8        THE COURT:  Before -- I think it was my case, and I

9   haven't been on duty for about a month and a half.  So it's not

10  been a limited amount of time.  It's way more time than most

11  people get.

12       THE DEFENDANT:  I, I --

13       THE COURT:  And if I remember correctly, you're not

14  exactly a poor man.  I think you have enough money to hire

15  somebody.

16       Is there a reason that you want to delay this?

17       THE DEFENDANT:  Unfortunately --

18       THE COURT:  Are you running for President or

19  something?

20       THE DEFENDANT:  I'm under worse circumstances than a

21  poor man.  All assets are frozen by the government.  There is

22  no flexibility to operate on day-to-day livelihood or

23  subsistence.

24       THE COURT:  All right.  Well, that is a different

25  story.

1              Is that accurate, all of his assets are frozen?

2              MR. BHAT:  There is a separate SEC action, Judge,

3    before Judge Singhal.  Most of his accounts, if not all of his

4    accounts, I believe are frozen pursuant to that action.

5              So at this point I was going to come in here today and

6    ask, two months after the initial appearance, that at the very

7    least Mr. Singh be colloquied for purposes of appointment of

8    counsel.  He's represented to the court now twice that all of

9    his assets are frozen and he doesn't have the ability to be

10   able to pay Mr. Patanzo and Mr. Benjamin.

11             So I think the appropriate thing to get this case

12   moving is for him to be colloquied, for him to be appointed

13   counsel if he qualifies.

14             THE COURT:  Mr. Singh, are you asking me to appoint

15   counsel?

16             THE DEFENDANT:  For now, your Honor, I believe I have

17   exhausted all my resources, and I think in the interest to move

18   forward the case I would agree.

19             THE COURT:  All right.  I'm going to have to put you

20   under oath.  You don't have to -- I have to ask you about your

21   finances.  Anything you say to me, of course, in court can be

22   held against you.  Once you're under oath, if you lie to me

23   under oath, you could be prosecuted for perjury or making a

24   false statement.  But I have to ask these questions in order to

25   find out if you qualify.

1        If you think I'm asking you something that might be

2   incriminating, don't answer.

3        Maybe, Mr. Aaronson, you can assist him if he's not

4   sure about something.

5        But if you're asking me to put you under oath and see

6   if you qualify for court-appointed counsel, let's do it.

7        Aaron.

8        THE DEPUTY CLERK:  Raise your right hand.

9        Do you swear to tell the truth, the whole truth, and

10  nothing but the truth so help you God?

11       THE DEFENDANT:  I do.

12       THE COURT:  All right.  Mr. Singh, do you work?

13       THE DEFENDANT:  At present no.

14       THE COURT:  What kind of work did you do before?

15       THE DEFENDANT:  I was president of a transportation,

16  logistics, and manufacturing company.

17       THE COURT:  And that's the company that is the subject

18  of this?

19       MR. BHAT:  Yes, Judge.

20       THE COURT:  How long has it been since you worked and

21  either drew a paycheck or were earning profits that you could

22  access?

23       THE DEFENDANT:  Until my last employment, 21st June.

24       THE COURT:  When?

25       THE DEFENDANT:  21st June.

```
 1                THE COURT:  OK.

 2                MR. AARONSON:  June 21st.

 3                THE COURT:  All right.  Are you married?

 4                THE DEFENDANT:  Yes.

 5                THE COURT:  Does your wife or spouse work outside the

 6     home?

 7                THE DEFENDANT:  No.

 8                THE COURT:  Do you own a home?

 9                THE DEFENDANT:  Yes.

10                THE COURT:  Tell me about that.  How much equity do

11     you have in the home?

12                THE DEFENDANT:  I cannot conclusively say, but I will

13     say about 200 to 300,000.

14                MR. BHAT:  Judge, if I may, that home is encumbered by

15     the bond that the court entered in this case.  The government's

16     contention is that some of the proceeds of the fraud were used

17     to improve that home.

18                MR. AARONSON:  So I don't think that gets us anyplace.

19                THE COURT:  Is that your phone or mine, or does

20     someone have a phone near a --

21                MR. BHAT:  I think it's me, Judge.  Sorry.

22                THE COURT:  OK.  All right.  Let's move on from the

23     home for a minute.

24                Do you have any bank accounts that are not encumbered?

25     Checking, savings, safe deposit box, anything like that?
```

```
 1              THE DEFENDANT:  I have a bank account which are under

 2     the freeze order.

 3              THE COURT:  All right.  Is there anything that is not

 4     frozen, any bank accounts?

 5              THE DEFENDANT:  I have no knowledge of it.

 6              THE COURT:  Do you have any bank accounts?

 7              THE DEFENDANT:  Yes.

 8              THE COURT:  All right.  How much do you have in the

 9     bank altogether?

10              THE DEFENDANT:  35,000.

11              THE COURT:  All right.  And it's your belief that

12     those assets, that there's a hold on those because of the

13     government's action in this case?

14              THE DEFENDANT:  Yes, sir.  Yes, your Honor.

15              THE COURT:  Is that accurate, Mr. Bhat?

16              MR. BHAT:  I think the amount that the government has

17     holds on in terms of accounts is far more than 35,000.  So I'm

18     not sure if Mr. Singh is saying that he has $35,000 accessible

19     that are not frozen or whether he's saying that that's the

20     amount he believes to be encumbered.

21              THE DEFENDANT:  If I may answer.

22              THE COURT:  Yes.

23              THE DEFENDANT:  That 35,000 is a checking account.

24     There are some other accounts where there is a little bit of

25     money left.  And whatever I have informed other accounts, it
```

1   was all business.  So business at that time.

2          MR. AARONSON:  You don't want to go into business

3   accounts right now.

4          THE COURT:  Do you have a car, truck, or boat?

5          THE DEFENDANT:  On my personal name, no.

6          THE COURT:  All right.  Do you have other assets,

7   including stock accounts, retirement accounts, any sort of

8   cryptocurrency, anything of value in an account of any type?

9          THE DEFENDANT:  All under freeze order, your Honor.

10          THE COURT:  All right.  What about personal property,

11   like expensive jewelry, paintings, or anything like that?

12          THE DEFENDANT:  No.

13          THE COURT:  Do you have any other money or property

14   you haven't told me about here or anywhere in the world worth

15   more than about $5,000 that you don't believe to be encumbered?

16          THE DEFENDANT:  Not in my possession, your Honor.

17          THE COURT:  Is anybody holding any money or property

18   for you in a trust account or anything like that?

19          THE DEFENDANT:  No.

20          THE COURT:  No?

21          THE DEFENDANT:  No.

22          THE COURT:  Mr. Aaronson, you can represent that you,

23   Mr. Patanzo, and Mr. Benjamin have been in negotiations with

24   Mr. Singh and you're having a hard time uncovering assets that

25   could be used to pay for counsel?

 1          MR. AARONSON:  I will represent that we have had a lot
 2   of negotiations with Mr. Singh and that we're not even close.
 3          THE COURT:  Does the government have any objection to
 4   appointing court-appointed counsel?
 5          MR. BHAT:  No, your Honor, and we are not aware of any
 6   Federal Public Defender conflict either.
 7          THE COURT:  All right.  I'm going to appoint the
 8   Federal Public Defender.
 9          Mr. Smith, without revealing client confidences, after
10   you get into this case a little bit you determine that the
11   appointment for any reason was inappropriate, you can bring
12   that back to me.  I know your office is not exactly flush with
13   cash right now.
14          MR. SMITH:  Your Honor, it is not going to be me.  I
15   will forward that message to the Miami attorney who is going to
16   be handling this case.
17          THE COURT:  OK.
18          MR. AARONSON:  Your Honor, at this time are we
19   discharged from any further representation?
20          THE COURT:  Yes.
21          MR. AARONSON:  Thank you very much.
22          THE COURT:  That goes for all of you.  Mr. Patanzo --
23   I guess you only had a temporary.  So yes, you, Mr. Patanzo,
24   Mr. Benjamin are all discharged.
25          MR. AARONSON:  Thank you.

1        THE COURT:  All right.  I'm appointing the Federal

2  Public Defender.

3        Mr. Singh, this is Mr. Smith.  He is going to

4  represent you here today, and either he or someone else from

5  his office will represent you in the future, and he'll pass

6  that word on to Miami.

7        As he pointed out, since this went to Chief Judge

8  Altonaga, your case will be tried in Miami.  It most likely

9  will go to a Miami public defender.

10        So, Mr. Smith, do you need to take a minute and review

11  the arraignment or the indictment with him?

12        MR. SMITH:  Yes.  I don't have a copy of it, your

13  Honor.

14        THE COURT:  Bond is already set.  That is not an

15  issue, right?  It is just a matter of arraignment.

16        MR. BHAT:  That is right, Judge.  I'll give Mr. Smith

17  a copy of the indictment.

18        THE COURT:  It is probably a somewhat complicated

19  indictment.  I think he is certainly aware of what he is

20  charged with because he's had counsel, but if you want to take

21  a minute and sit at counsel table, we can pass over or if you

22  just want to go forward.  Tell me what you want to do.

23        MR. SMITH:  Just pass over it, your Honor.  I will go

24  over it so we don't slow things down.

25        THE COURT:  Why don't you have a seat at counsel

1   table, Mr. Singh, and talk about your charges with Mr. Smith.

2          (Recess)

3          MR. SMITH:  Your Honor, thank you.  I have reviewed a

4   copy of the indictment.  We waive formal reading, enter a plea

5   of not guilty, request trial by jury, and ask that you enter

6   the standing discovery order.

7          THE COURT:  A plea of not guilty, demand for jury

8   trial will be accepted and enter.  I will enter the standing

9   discovery order today.

10         It's also ordered and adjudged pursuant to the Due

11  Process Protections Act that the court confirms the United

12  States' obligation to produce all exculpatory evidence to the

13  defendant pursuant to Brady v. Maryland and its progeny.  I'm

14  ordering the government to do so.

15         Failing to do so in a timely manner may result in

16  consequences, including, but not limited to, exclusion of

17  evidence, adverse jury instructions, dismissal of charges,

18  contempt proceedings, or sanctions by the court.

19         Mr. Singh, when I enter the discovery order, that

20  requires the government to turn over their evidence that they

21  are going to try to use against you and also in that order it

22  includes favorable evidence, but I'm emphasizing by separate

23  order requiring them to turn over any evidence that is helpful

24  or favorable to you in any way.  OK.

25         THE DEFENDANT:  Thank you.

```
 1            THE COURT:  Your case has gone to Judge Altonaga, who

 2   sits in Miami.  So your next appearance will be in Miami.

 3            I assume that it will go to a Miami lawyer, but stay

 4   in touch with the Public Defender's Office.  Until Mr. Smith

 5   gives you another name, stay in touch with Mr. Smith, and

 6   they'll let you know when your next appearance will be.

 7            Anything else we need to do on Mr. Singh's case,

 8   Mr. Bhat?

 9            MR. BHAT:  Not from the government.  Thank you, your

10   Honor.

11            THE COURT:  Mr. Smith?

12            MR. SMITH:  No.  Thank you, your Honor.

13            THE COURT:  Mr. Singh, did you understand everything

14   we did here today?

15            THE DEFENDANT:  Yes.  Yes, Judge.

16            THE COURT:  OK.  Good luck to you.

17            (Adjourned)

18

19

20

21

22

23

24

25
```

C E R T I F I C A T E


        I hereby certify that the foregoing is an accurate

transcription to the best of my ability of the digital audio

recording in the above-entitled matter.


February 4, 2025        s/ Joanne Mancari
                        Joanne Mancari, RPR, CRR, CSR
                        Court Reporter
                        jemancari@gmail.com