UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CR-60117-LEIBOWITZ

UNITED STATES OF AMERICA

vs.

SANJAY SINGH,

      **Defendant.**

_____/

**UNITED STATES OF AMERICA'S MOTION TO STRIKE, AND IN THE ALTERNATIVE DENY THE DEFENDANT'S *PRO SE* MOTIONS [DE 270 and 272]**

      The United States of America, by and through the undersigned Assistant United States Attorney, hereby files this motion to strike, and in the alternative deny Sanjay Singh's (hereinafter, the "Defendant['s]" and "Singh['s]") *pro se* Motion to Dismiss and separate Motion to Unseal Grand Jury Transcripts (hereinafter, the "Motions"). (ECF No. 270 and 272). In support of its motion, the United States avers as follows:

**RELEVANT FACTUAL BACKGROUND**

  a. Procedural Background of the Offense

      The Defendant is charged with several counts of Wire Fraud (Counts 2 through 7); and Conspiracy to Commit Wire Fraud (Count 1). (ECF No. 1). The charges stem from a conspiracy in which the Defendant and his co-conspirators engaged in a three-year *Ponzi* scheme where they sold investor victims on a series of investment opportunities related to an over-the-road trucking operation with promises of above average returns. On August 18, 2023, the Public Defender's office was appointed to represent Singh.

      The trial in this matter took place from October 7, 2024, through November 6, 2024, and the jury returned a verdict of guilty as charged as to all seven counts of the indictment. The

attorneys of record for Singh during trial were Abigail Becker and Victor Van Dyke. To date, the Court has not granted a motion allowing Singh to proceed *pro se.*

    b. <u>The Defendant's Motion to Dismiss and Motion to Unseal Grand Jury Material</u>

On March 18, 2025, the Defendant filed a motion to dismiss based on failure to state an offense and failure to establish subject matter jurisdiction. (ECF No. 270). In the motion, he states that the indictment fails to state an offense because it does not allege a specific intent or scheme to defraud. The motion further argues that Government lacks subject matter jurisdiction because the alleged conduct falls outside of the statute. (*Id*.).

The signatory to the Motion is Singh alone. At no point is the Motion signed, adopted, filed, or endorsed by the attorneys of record for Singh, Abigail Becker and/or Victor Van Dyke. Further, Singh did not confer with opposing counsel before filing this motion.

On March 25, 2025, the Defendant filed a motion to unseal grand jury materials arguing generally that the particularized need for disclosure outweighs the presumption of grand jury secrecy. (ECF No. 272). In this motion, the Defendant argues that he is entitled to grand jury material because there are differences between the language of the search warrant affidavit and indictment. (*Id.*).

Again, the signatory to the Motion is Singh alone. At no point is the Motion signed, adopted, filed, or endorsed by the attorneys of record for Singh, Abigail Becker and/or Victor Van Dyke.

## RELEVENT LAW

"[W]henever a party has appeared by attorney, the party cannot thereafter appear or act on the party's own behalf in the action or proceeding, or take any step therein, unless an order of substitution shall first have been made by the Court" and a court does not abuse its discretion in

striking filings made by a represented defendant. S. Dist. of Fla. Local R. 11.1(d)(4); *see United States v. Camilo*, 686 Fed. App'x. 645, 646 (11th Cir. 2017) (concluding that the district court did not abuse its discretion by striking *pro se* filings from the record where defendant "was represented by counsel at all times relevant to the filings").

Additionally, the following defenses, objections, and requests must be raised by pretrial motion if the basis for the motion is then reasonably available, and the motion can be determined without a trial on the merits: **(A)** a defect in instituting the prosecution, including…: **(v)** failure to state an offense. Fed. R. Crim. P. 12

As it relates to the Defendant's second argument in his motion to dismiss, subject matter jurisdiction is bestowed on the lower federal courts by Congress by statute and it "defines the court's authority to hear a given type of case." *United States v. Morton*, 467 U.S. 822, 828 (1984); *United States v. Brown*, 752 F.3d 1344, 1348 (11th Cir. 2014). Congress has granted federal district courts original jurisdiction "of all offenses against the laws of the United States." *Brown*, 752 F.3d at 1348; 18 U.S.C. § 3231. "[S]o long as the indictment charges the defendant with violating a valid federal statute as enacted in the United States Code, it alleges 'an offense against the laws of the United States,' and, thereby, invokes the district court's subject-matter jurisdiction." *Brown*, 752 F.3d at 1354. Consequently, if an indictment alleges a violation of a valid federal statute, this Court has subject matter jurisdiction of that case. *United States v. Grimon*, 923 F.3d 1302, 1305 (11th Cir. 2019)(5th Cir. 1975).

Finally, "[i]t has long been a policy of the law that grand jury proceedings be kept secret." *United States v. Quinto*, 264 Fed.Appx. 800, 802 (11 th Cir. 2008) (quoting *United States v. Aisenberg,* 358 F.3d 1327, 1346-47 (11th Cir. 2004)). "This secrecy principle is codified under Fed.R.Crim.P. 6(e)(2), which prohibits the disclosure of grand jury material except in the limited

3

circumstances described in Rule 6(e)(3)." *See id.* Specifically, Rule 6(e)(3)(C)(i)(I) permits disclosure of grand jury material "when so directed by a court preliminarily to or in conjunction with a judicial proceeding." The Supreme Court has ruled that Rule 6(e) exceptions apply only when a party seeking disclosure of grand jury material shows a "particularized need" for that material. *See Douglas Oil Co. of Cal. v. Petrol Stops Nw.*, 441 U.S. 211, 222 (1979). *See also Aisenberg*, 358 F.3d at 1348 (movant "must show a compelling and particularized need for disclosure" of grand jury materials) (citation omitted). "The Supreme Court explained that a party meets this standard when he [or she] shows 'that the material [he or she] seek[s] is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that [his] request is structured to cover only material so needed.'" *See Quinto*, 264 Fed.Appx. at 802 (quoting *Douglas Oil Co.*, 441 U.S. at 222)). To show a "compelling and particularized need," as required by the Eleventh Circuit, a party must demonstrate that "circumstances . . . created certain difficulties peculiar to [the] case, which could be alleviated by access to *specific* grand jury material, without doing disproportionate harm to the salutary purpose of secrecy embodied in the grand jury process." *See Aisenberg*, 358 F.3d at 1348-49 (emphasis added). "Even when persons requesting disclosure have carried the burden of showing that they have a compelling and particular need for the grand jury material in order to avoid an injustice and that their need for disclosure outweighs the secrecy need, access is limited and covers only those materials actually needed." *See id.* at 1349 (citing *Cox v. Administrator U.S. Steel & Carnegie,* 17 F.3d 1386, 1421 (11th Cir. 1994)).

## **LEGAL ARGUMENT**

Based on the relevant rules and caselaw, it is clear that the Defendant's Motions should be stricken, and in the alternative denied on the merits as: (a) the Defendant has violated the Local

Rules by representing himself while represented by an attorney and by failing to engage in a pre-filing conference with opposing counsel; (b) the Defendant's motion to dismiss for failure to state an offense is not timely as it was filed post-trial contrary to Rule of Criminal Procedure Rule 12(b)(3)(B)(v); (c) the Government's indictment charges the Defendant with a valid federal statute thus subject matter jurisdiction exists; (d) and finally, as it relates to Grand Jury material, the Defendant has not established that the need for disclosure outweighs the need for secrecy.

First, the Defendant has violated the Local Rules in filing the Motion. By representing himself while represented by an attorney, he has violated Local Rule 11.1(4)(d), which prohibits him from filing motions without his attorney. Second, he has violated Local Rule 88.9(a) by filing the March 18, 2025, motion without engaging in a pre-filing conference with opposing counsel. The Court has the discretion, therefore, to strike this motion on these bases alone. *Camilo*, 686 Fed. App'x. at 646. This Court should strike both motions as the Court is yet to grant a motion allowing the Defendant to represent himself.

Second, the Defendant's motion for failure to state an offense is clearly untimely and in violation of Rule 12 of the Rules of Federal Criminal Procedure. The Defendant simply can't file a motion to dismiss on these grounds after a trial has already taken place, thus the Defendant's Motion to Dismiss on this ground must be denied.

Third, the Defendant's motion for failure to establish subject matter jurisdiction must be denied. As stated, the 11th Circuit has held that "as long as the indictment charges the defendant with violating a valid federal statute as enacted in the United States Code, it alleges 'an offense against the laws of the United States,' and, thereby, invokes the district court's subject-matter jurisdiction." Brown 752 F.3d at 1354. Here, the wire fraud statute is clearly and lawfully charged as both a conspiracy and a standalone statute in six substantive counts thereby invoking this

5

Court's subject matter jurisdiction. As such, the Defendant's motion must be denied on these grounds.

Finally, the Defendant's motion to unseal grand jury material should be denied because he does not show a compelling and particular need for the grand jury material. Here, he references differences between the search warrant affidavit and indictment as the basis for disclosure of grand jury transcripts, but he does not reference any specific facts that are different in the two documents, or how he thinks the transcripts will resolve any conflict between the two. He merely highlights specific paragraphs in the search warrant with red boxes without shedding any light as to the relevance of these paragraphs or how he alleges that they are different from the indictment. A particularized need for unsealing of grand jury material is not shown by a general allegation that grand jury materials are necessary for the preparation of a motion to dismiss. *United States v. Davis*, 721 Fed.Appx. 856, 861 (11th Cir.2018). Also, it is illogical to compare a pre-indictment search warrant signed by a law enforcement agent and an indictment signed by a grand jury foreperson and representative of the United States Attorney as they are potentially prepared at different times by different people and with potentially additional information. As such, the Defendant's motion to unseal grand jury material should be denied.

## CONCLUSION

WHEREFORE, as Sanjay Singh has filed the motion despite being represented by counsel, in violation of the Local Rules, the United States respectfully requests that the Court strike the Defendant's motions. In the alternative, the Government requests that the Court deny D.E. 270 and 272.

Pursuant to Local Rule 88.9 of the Southern District of Florida, undersigned counsel has conferred with the Defendant's attorney of record, Abigail Becker, and she advised that she can't take a position on the Government's motion given the Defendant's pending motion to proceed *pro se*.

                                            Respectfully submitted,

                                            HAYDEN P. O'BYRNE
                                            UNITED STATES ATTORNEY

By:    /s/ *Robert F. Moore*
        Robert F. Moore
        Assistant United States Attorney
        Court Id No. A5502488
        U.S. Attorney's Office
        99 Northeast Fourth Street, 4th Floor
        Miami, Florida 33132-2111
        Telephone: (305) 961-9411
        E-mail: Robert.Moore@usdoj.gov

        s/*Roger Cruz*
        Roger Cruz
        Assistant United States Attorney
        Florida Bar Number 157971
        99 NE 4th Street
        Miami, FL 33132
        Tel: (305) 961-9818
        Email: Roger.cruz@usdoj.gov

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served upon counsel for the Defendant, Victor Van Dyke, via email and CM/ECF, on April 3, 2025.

>/s/ *Robert F. Moore*
>Robert F. Moore
>Assistant United States Attorney