**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 23-60117-CR-LEIBOWITZ**

**UNITED STATES OF AMERICA**

v.

**SANJAY SIGNH,**

      **Defendant.**

_____/

## SUPPLEMENTAL RESPONSE TO DEFENDANT'S OBJECTIONS TO PRESENTENCE INVESTIGATION REPORT

The United States of America, by and through the undersigned Assistant United States Attorney, hereby files this Supplemental Response to the Defendant's Objections to Presentence Investigation Report (PSI) (D.E. 262) and states as follows:

On March 5, 2025, the Government filed its Response to Defendant's Objections to Presentence Investigation Report (D.E. 265). In that motion the Government addressed the PSR (D.E. 263) which calculates Singh's base offense level as 7, pursuant to U.S.S.G. § 2B1.1(a)(1) (PSR ¶ 55). Twenty-six (26) levels are added, pursuant to § 2B1.1(b)(1)(N), because a reasonable estimate of loss caused is approximately $158 million (PSR ¶ 55; Govt. Trial Ex. 119-23; Tr. Vol. 12 pg. 73). Six (6) additional levels are added because the offense resulted in a substantial financial hardship to 25 or more victims, pursuant to § 2B1.1(b)(2)(C) (PSR ¶ 55). Two (2) additional levels are added pursuant to § 2B1.1(b)(10)(C) because the defendant's conduct constituted sophisticated means (PSR ¶ 55). One (1) additional level is added pursuant to § 2S1.1(b)(2) because the Defendant was convicted under 18 U.S.C. § 1957. Probation also recommended application of a four-level (4) enhancement for Singh's role as an organizer or leader, pursuant to § 3B1.1(a) (PSR ¶ 58). Finally, a two-level (2) enhancement was recommended pursuant to § 3C1.1 for obstruction

of justice, however, this enhancement was not applied (PSR ¶ 45-49). Singh's combined adjusted offense level, according to the PSR, is 46 (PSR ¶ 60) – and the total offense level is 43 because any offense level above 46 is to be treated as 43 (PSR ¶ 63).

In the Government's motion, (D.E. 265), the Government argued that the testimony at trial established that there are at least 1,688 victims in this fraud scheme (Tr. Vol. 12 pg. 72). In D.E. 265, the Government also supplied a legal basis for the $158,626,899 serving as the proper loss amount (Govt. Trial Ex. 119-23; Tr. Vol. 12 pg. 73) and the Government further argued that the Defendant is not entitled to the requested credits listed in his motion (D.E. 262). The Government also argued that if this Court disagrees with the Government's position and finds that the Defendant is entitled to credits for the *Ponzi* style payments made during the fraud scheme, he can only be given credit for the principal payments made to investors. U.S.S.G. § 2B1.1 cmt. n. (3)(E)(iv). The Defendant claimed that that amount was unascertainable, and therefore the Defendant must be given credit for all payments made to victims. That argument, however, is without merit, because the loss amount minus only principal payments to investor victims was calculated by the court-appointed Receiver in this case and provided to both the Defendant and this Court. At the time of the Government's filing, D.E. 265, that loss amount was calculated by the Receiver as $86,480,136. However, since that date, the Receiver has processed additional claims from the investor victims and that number is now $92,453,709 in verified claims. Additionally, there are $9.8 million referenced by the Receiver as the maximum for the claimants that are still unverified, and $2.8 million for the investors that came in after the July cutoff period for reporting claims, meaning that the loss amount if the Defendant is credited for principal payments only should be approximately $105 million.[1]

---

[1] A disc containing this spreadsheet will be introduced as an exhibit through the Receiver, Paul Lopez, at sentencing.

The Government's final argument in D.E. 265, as it related to loss amount, was that under no circumstances should the Defendant's loss amount be less than the $53,699,867 amount listed in Government's Trial Exhibit 119-23, and testified to by Kapila at trial, (Tr. Vol. 12 pg. 73) because that amount gives the Defendant credit for the full $104,927,033 in outgoing payments to investor victims, which would be contradictory to U.S.S.G. § 2B1.1 cmt. n. (3)(E)(iv).

## CONCLUSION

For the foregoing reasons, the Court should increase the Defendant's offense level by twenty-six (26) if the Court agrees with the Government's argument that all the Defendant's *Ponzi* style payments should not be credited or increase the level by twenty-four (24) if it credits the Defendant's principal repayments to the investor victims. Either increase results in a total offense level of 43 and recommended guideline range of life.

Respectfully submitted,

HAYDEN P. O'BYRNE
UNITED STATES ATTORNEY

By:   */s/ Robert F. Moore*
Robert F. Moore
Assistant United States Attorney
Court ID No. A5502488
United States Attorney's Office
99 NE 4th Street
Miami, Florida 33132
Tel: (305) 961-9411
Email: Robert.Moore@usdoj.gov

*/s/ Roger Cruz*
Roger Cruz
Assistant United States Attorney
Florida Bar No. 1008370
United States Attorney's Office
Tel: (305) 961-9001
Email: Roger.cruz@usdoj.gov

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

By:    */s/ Robert F. Moore*
       Robert F. Moore
