FILED BY MJ D.C.
AUG 18 2026
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA
Plaintiff

V. CASE NO: 023:CR:60117-DSL-1

SANJAY SINGH
Defendant

DEFENDANT SANJAY SINGH'S PRO SE MOTION FOR DISQUALIFICATION AND RECUSAL OF THE HONORABLE DAVID S.LEIBOWITZ PURSUANT TO 28 U.S.C. §455 AND REQUEST FOR REASSIGNMENT OF FURTHER PROCEEDINGS

Defendant Sanjay Singh in pro se moves to disqualify and seek recusal of Judge Leibowitz pursuant to 28 U.S.C. 455(A) and 28 U.S.C. 455(b)(1). Judge Leibowitz presides over defendant's civil case No: 023:cv:61179-DSL and criminal case No: 023:cr:60117-DSL-1. The general allegation is that Judge Leibowitz has cautiously managed the civil and criminal case in joint venture with defense counsel Abigail Becker and the Government to allow the jury in the criminal case to reach the verdict of "Guilty". The record of both cases speaks for itself.

## I. INTRODUCTION

The Due Process clause guarantees every criminal defendant an impartial TRIBUNAL. The Congress reinforced that constitutional guarantee through 28 U.S.C.144 and 455 requiring recusal whenever a judge's impartiality "might be questioned" or where the judge possesses personal knowledge of disputed evidentiary facts or personal bias concerning a party. Defendant does not seek recusal merely because the Court entered rulings adverse to him, nor does defendant contend that simultaneously presiding over related civil and criminal procedings automatically requires disqualification. Rather, the question under 28 U.S.C. 455(a) is whether the cumulative and circumstances appearing in the record, viewed objectively and in their chronological sequence, would cause a reasonable and fully informed observer to question whether further proceedings can maintain the appearance of impartial

adjudication.

The same judge presided over the SEC civil enforcement/receivership litigation concerning RBL and the criminal fraud prosecution concerning the same business, transactions, alleged Ponzi structure, investors, financial condition, receivers, accounting evidence and alleged misrepresentations or omissions. During those overlapping proceedings, the court allegedly made statements concerning the merits and seriousness of the SEC allegations, referenced the criminal indictment as supporting the civil allegations, encountered disputed evidence outside the criminal trial record and subsequently presided over the trial, sentencing, restitution and post-conviction proceedings.

## II. LEGAL STANDARD

Recusal and disqualification is governed by 28 U.S.C. 144 and 455, United States v. Berger, 375 F.3d 1223, 1227 (11th Cir. 2004). Section 455 designates two primary reasons that a judge must recuse himself. United States v. Patti,337 F.3d 1317, 1321 (11th Cir. 2003). First, under 455(a), a judge "shall disqualify himself in any proceeding in which his impartiality might might be reasonably questioned". 28 U.S.C. 455(a). The standard of review for whether a judge should have recused himself under §455(a) "is whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." Patti 337 F.3d at 1321.

Second, under 455(b)(1) a judge shall also disqualify himself if he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceding." 28 U.S.C. 455(b)(1). The Supreme Court, however, has stated that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Liteky v. United States,510 U.S. 540, 555, 144 S.Ct. 1147, 1157, 127 L.Ed. 2d 474 (1994). Indeed, bias "must stem from extrajudicial sources, unless the judge's acts demonstrate such pervasive

bias and prejudice that it unfairly prejudices one of the parties". Berger, 375 F.3d at 1227.

## III. SEC PROCEEDING
Case No: 023:cv:61179

The civil enforcement action was filed by the Securities Exchange Commission ("SEC") alleging violation of the Securities Act of 1933 and 1934. The SEC alleged Defendant Sanjay Singh and Royal Bengal Logistics operated an unlawful Securities Offering and a Ponzi scheme by paying 70 million from new investors to old investors and among other allegations. See 61179-ECF-1.

A) Defendant in pro se filed motion for sanction (ECF 210) alleging that the commission made material misrepresentations to the court to employ the Receiver and their account. The motion was denied by Judge Leibowitz (See ECF 256 on May 9th, 2024). The Judge as quoted in ECF 256; "May 9th comment"):

[Even though the court need not do so on this record, the court will apply the two-prong frivolousness test. First, the Court finds none of the challenged allegation is frivolous. To the contrary, the allegations are quite serious and are supported by declaration (Mark Dee) after a thorough investigation. It is worth pointing out that the grandjury indicted Mr. Singh before this complaint was filed upon the same conduct alleged in the complaint (See ...60117, ECF 1). If the grand jury found probable cause to believe that Singh conspired to commit and committed wire fraud in connection with the ponzi scheme alleged in this case, the commission and its attorneys surely had a non-frivolous reason to seek the ex parte TRO. As a result, under the second prong of the frivolous test, the claims asserted in this action have a substantial likelihood of success, vitiating frivolity. In sum, Mr. Singh's belief that he did nothing wrong however sincere, does not alter reality. Mr. Singh's frustration that his business was shut down and its assets frozen cannot conjure up Rule 11 violations against the commission or its attorneys. Whether Mr. Singh accepts the definition of an investment

contract as established by United States Supreme Court (or not) does not change the Law to relieve him of liability in the complaint.]

B) MAY 31st, 2024 HEARING (ECF 308)

The Judge held a hearing regarding amended motion for judgement on pleading which challenged the legal sufficiency of the SEC claim and asserted that the alleged programs did not constitute Security Fraud and the Court lacked jurisdiction. In that hearing the Court misapplied legal standard and took all the lies pleaded in the complaint (even certain lies admitted by the SEC). As true against the Supreme Court precedence as established by Bell ATT Corp. v. Twombly, 127 S.Ct. (1995) and Ashcroft v. Iqbal, 129 S.Ct. (2004) and issued a paperless order and further on record the Judge adopted that "all Notes" are securities against 1934 Act of Securities and Exchange.

C) MOTION TO ALTER AMEND SANCTION

Noting the comment made by the Judge on ECF 256 May 9th order, Defendant presented a fabrication of Mark Dee's affidavit which falsely presented ponzi flow of funds. The SEC admitted to the false representation. The Mark Dee declaration was used to acquire TRO which Judge Leibowitz called it a "thorough investigation". The Judge denied the motion citing the Defendant cannot use it as "new evidence".

D) MOTION TO TAKE JUDICIAL NOTICE OF FACTS

E) AMENDED MOTION TO QUASH DEPOSITION

Both D and E was denied by an omnibus order ECF 292 accompanied with threat of sanction and an order compelling to attend SEC Deposition, the Defendant did attend the SEC deposition.

IV CRIMINAL PROCEEDING
Case No: 23:CR:60117-DSL-1

Judge Leibowitz comments: Status Hearing - June 12th 2024
[TT - 21:8-9 - It is embarrassing what they did, I mean it is awesome, Ms. Becker... I can't wait to meet her.]

At this time the Court must note that Ms. Becker has not made an appearance to the Court but Judge Leibowitz apparently can't wait to meet her.

Status Hearing July 24th 2024, On making certain pre-trial motion ruling specifically on ECF 104(CR) while in civil case the Court compelled Defendant to attend SEC deposition. In this ruling the Judge states TT 19:15-16 - Livoti was a very different case, my understanding is that Mr. Singh was not deposed in this and the prosecutor Mr. Cruz said "No your Honor".

Although ECF 104 was defense motion to keep out SEC related matter from the criminal case, Judge Leibowitz ruled in favor of defense but allowed the Receiver and their accountant to testify without mentioning of their employment background. This strategic ruling was to prevent the SEC Fraud upon Court to be examined. No Government witnesses testified, no grand jury transcript was disclosed- the only possible way the real story of SEC fraud would have come out is if the Judge allowed the use or mention of SEC case. The Judge went so far to protect the Government case that whenever there was a remote possibility of opening the door of the SEC case, the Judge will obstruct it. The entire trial record is there as evidence.

To make sure that the path to conviction remained open, the Judge allowed every lay witness can use ponzi scheme --only one inference can be drawn. The Judge and Abigail Becker strategically prevented the Government to be examined as the Judge said "a thorough investigation". Further, every time the Defendant attempted to go pro se, the Judge made a careless deed to keep Abigail Becker.

In the sentencing hearing, the Judge mentioned that his family is a victim

of a Ponzi scheme.

Adding it up altogether now it makes sense, where the balance of Justice is tilted.

## V. ARGUMENT

Defendant does not contend that denial of motion such as Sanction, Judgement or pleading or approval of exclusion of SEC from criminal trial establishes bias. The concern arises from the Court's expressed reasoning on May 9th 2024 order, while simultaneously presiding over the Defendant's criminal prosecution. An objectively informed observer could reasonably question whether the Court's express reliance upon the pending criminal indictment to validate the seriousness and probable merit of substantially overlapping civil fraud allegations created an appearance that the Court had already formed views concerning the underlying factual narrative before the criminal case was adjudicated. The June 12th comments concerning prospective defense counsel reinforce the appearance issue. Standing alone an informal judicial comment would ordinarily fall comfortably within Liteky. Defendant therefore does not present the June 12th statement independently, its significance arises from its timing and context. The significance is not that the Court deliberately concealed the deposition. The significance under 455(a) is the unusual institutional overlap: the same Court was similtaneously directing discovery concerning Singh in one proceeding while adjudicating the evidentiary consequences of SEC investigation in another.

The Court's prior exposure to the Receivership Record became increasingly significant when Receivership personnel and accounting evidence entered the criminal proceedings without the ability to examine how they entered RBL. The Judge had already received extensive information concerning their work reports, conclusions and the SEC's theory through the civil proceeding before evaluating related testimony and evidence in the criminal case.

Defendant recognizes that the denials or approvals the ruling, individually

or collectively do not establish bias merely because Defendant considers them erroneous. They nevertheless constitute relevant procedural context when considered alongside statements and circumstances independently giving rise to the appearance concern.

VI. RELIEF REQUESTED

a) Recusal under 28 U.S.C. 455(a).

b) Alternatively, Recusal under 28 U.S.C. 455(b)(1) to the extent the verified Record establishes its elements.

c) Preservation of issue for appellate review.

d) A stay of substantive post-judgement rulings pending resolution ofRecusal.

VII. CONCLUSION

The question is not whether any single event requires recusal; the objective appearance created by the complete sequence requires disqualification.

Respectfully submitted,
Sanjay Singh
Sanjay Singh
Reg. No. 65098-510
FCI Coleman Low - Unit B-2
P.O. Box 1031
Coleman, FL 33521

CERTIFICATE OF SERVICE

I certify that this motion is filed with the Clerk of the Court and a copy of this motion is served upon all counsel of record through the Court's electronic filing system.

Date: 08|09|2026.

Sanjay Singh
Sanjay Singh

FM
SANJAY SINGH
#65098-510 – B2
FCI COLEMAN LOW
P.O BOX 1031
Coleman, FL-33521

Tampa/St. Pete FL 336
TUE 11 AUG 2026

REC'D BY ____ D.C.
AUG 18 2026
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

TO,
THE CLERK OF COURT
U.S. COURTHOUSE, Miami.
400 N. Miami AVE, Room-8N09
Miami, FL-33128-7716.